J. C. MILLER *et al. v.* PARK CITY *et. al.**

(*Knoxville.*  September Term, 1912.)

1. MUNICIPAL BONDS. Prohibition of sale under par is not vio-
lated by a sale at par with an allowance for attorney's fee and
expenses.

The prohibition of an enabling act (Private Acts 1911, ch. 127)
against the sale of funding and street improvement bonds of a
certain municipal corporation at less than par clearly forbids a
sale of the bonds at less than par, and deprives such city of the
power to sell such bonds at less than par; and par value means
what the words signify, and no definition of the phrase can
make its meaning plainer; but said prohibition was not violated
by a sale of bonds of the par value of twenty-five thousand
dollars at their par value, and accrued interest, though an
allowance of one thousand dollars for attorney's fees, and the
amount of other expenses incident to the sale, such as printing
and lithographing the bonds, postage, etc., was made to the
purchaser, especially where it does not appear that the allow-
ance was a subterfuge to cover an unlawful sale.

2. SAME. Bill for injunction against their sale is too late, where
the sale has been consummated.

A bill to enjoin the sale of municipal bonds is too late, where it
is filed after the bonds have been sold and delivered to the
purchaser, and the purchase price has been paid. (*Post, p.*
431.)

---

*For accrued interest as part of par value within prohibition
against sale of bonds at less than par, see note in 35 L. R. A. (N. S.),
789.

Refunding bonds as indebtedness within meaning of debt limit
provisions, see note in 37 L. R. A. (N. S.), 1099.

Miller v. Park City.

3. SAME. Same. Bill for personal judgment against nonresident purchaser must be dismissed, if jurisdiction over him has not been acquired.

In so far as a bill to enjoin the sale of municipal bonds seeks a personal judgment against the purchaser, a nonresident, it must be dismissed, if the court has not acquired jurisdiction over him. (*Post, p.* 431.)

4. SAME. Action against a committee for their unlawful sale lies in favor of city, and not taxpayers, when.

The right of action, if any, against the members of a committee of a city council, for breach of its duty. in making an unlawful sale of the city's bonds, lies in favor of the city, and not in favor of the public at large; and hence a suit does not lie by citizens and taxpayers for the benefit of themselves and all other citizens and taxpayers, especially where the city has not declined to bring suit upon such alleged liability, and such complainants have not requested it to do so. (*Post, pp.* 431, 432.)

5. SAME. City council may appropriate city's general funds to reimburse bond fund for expenses of bond sale deducted.

Where a city has sold its funding and street improvement bonds at par, according to an enabling act, but allowing the purchaser to deduct the amount expended for legal services and other expenses incident to the issuance and sale of the bonds, the city council can properly appropriate from the city's general funds a sum sufficient to reimburse such bond fund on account of such deductions. (*Post, pp.* 433, 434.)

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— WILL D. WRIGHT, Chancellor.

A. Y. BURROWS, for complainants.

W. E. DRUMMOND and GREEN, WEBB & TATE, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the court. .

The complainants filed this bill as citizens and taxpayers of Park City, a municipal corporation situated in Knox county, Tenn., for the purpose of enjoining the municipality from making a sale of certain bonds which it had issued under authority of chapter 127, Acts of 1911, and designated as "funding and street improvement bonds." The grounds for relief charged in the bill are that the municipal authorities, in violation of the enabling act aforesaid, had sold and delivered the bonds to the Union Bank of Knoxville, as agent for the Provident Savings & Trust Bank of Cincinnati, for the purpose of concealing a sale below par, in violation of the enabling act, and that in fact the bonds were sold for $1,169.32 less than par. It also charged that the city council had passed an ordinance upon its second reading which apportioned said sum between two certain funds arising from the general revenues of the city, and transferred said amount from said funds to the bond fund for the purpose of further concealing the fact that the bonds had been sold below par.

This, it is alleged, is a fraud upon the complainants and all of the taxpayers of the municipality, and it is prayed that the defendants be enjoined from selling and delivering the bonds, and from passing upon its third reading the ordinance referred to, and for judgment against the Union Bank and the Provident Savings Bank & Trust Company for the sum of $1,169.32, the

Miller v. Park City.

amount alleged to be necessary to make the bond sale legal and at par. All of the defendants, except the Provident Savings Bank & Trust Company, answered the bill and denied all of its material allegations; that defendant did not answer, and no property belonging to it was attached. Upon the hearing the chancellor dismissed the bill, with costs, and the complainants have appealed to this court and assigned four errors. In the view that we take of the case, it is only necessary to notice the first two errors assigned, which are, in substance, that the chancellor erred in decreeing that the sale of the bonds was free from fraud and that the general power to sell the bonds conferred upon the defendants by the enabling act carried with it the implied power to use all reasonable means and incur all proper and necessary expenses to effectuate a sale.

The enabling act clearly forbids a sale of the bonds at less than par. Par value means what the words signify and no definition of the phrase occurs to us which can make its meaning plainer. So the question for determination is not whether the defendants had the power to make a sale of the bonds for less than their par value, because this they plainly could not do. But the real question is: Were the bonds sold at less than par? The offer submitted by the purchaser which was accepted by the defendants contained the following proposition:

"We offer to pay you the par value of $25,000 and accrued interest to date of delivery. It is understood, however, that, if we are successful bidders, we will

be made an allowance of $1,000 for attorney's fees and other expenses incident to the negotiation."

The expenses outside of attorney's fees amounted to $169.32, and were for printing and lithographing the bonds, postage, etc.

This sale was made, and the bonds delivered to the purchaser, and the purchase price paid, before the bill was filed and the injunction granted. It would necessarily follow that, in so far as the bill seeks to prevent a sale of the bonds, it was filed too late; and in so far as it seeks a personal judgment against the Provident Savings & Trust Bank of Cincinnati, it must be dismissed, because the court has not acquired jurisdiction over it. The bill can only remain for the purpose of recovering a personal judgment of the defendants Dooley, Queener and Keener, as the committee appointed by the city council to negotiate the bonds.

That these defendants acted in entire good faith in negotiating the sale in question, there can be no doubt upon the record. They have so testified, and there is nothing to the contrary. In addition, they made report to the city council of their doings in the premises, which that body fully approved.

Without saying whether the approval by the city council of the sale of the bonds, with full knowledge of all the facts, would acquit the last-named defendants of all liability now claimed against them, it is quite clear that the recovery sought arises out of an alleged breach of duty which they owed to the municipality, and not the public at large. The right of action,

if any, would lie in favor of the municipal corporation. It has never declined to bring suit upon such alleged liability, and the complainants have not requested it so to do. In this connection, it should be borne in mind that the complainants' bill, as against these particular defendants, does not seek to restrain threatened wrongful action, but seeks to recover for the benefit of complainants and all other taxpayers of Park City for an alleged breach of duty. The learned chancellor held that they were in no attitude to do this, and in this there was no error.

This really disposes of the case, but we think it proper to say that the sale of the bonds was entirely lawful. They were sold at par and accrued interest. One thousand dollars was deducted by agreement for counsel fees, and the remainder for printing bills and the like. It has been held in numerous cases that the deduction of such expenses, when reasonable in amount and done in good faith, does not violate the prohibition contained in the enabling act against a sale at less than par. It would seem that there could be no fair dispute over a deduction for expenses incident to printing the bonds and placing them upon the market, because the city could not reasonably expect a purchaser of its obligations until the obligation itself was cast into such form and published in such manner as the market would demand. It could not fairly be said to have bonds for sale, until they were formulated so as to conform to the provisions of the enabling act and printed in accordance with the demands of the market. A like reason would in-

clude reasonable attorney's fees. It is well known that public securities are not readily marketable until their legality and validity have been approved by competent and reputable attorneys.

It is needless to say that if charges of this kind are sought to be made the cover for an actual sale at less than par, or if they are grossly unreasonable and attended by marks of bad faith, the court would not hesitate to declare such transactions fraudulent and void. But in this case there is not only no proof of fraud, but the history of the transaction, as disclosed by the record, evidences the best of faith. The negotiation of the bonds pended from the 1st of May until the 24th of June, during which time the attorneys selected to pass upon them were corresponding with the defendants about various questions concerning the validity of the bonds. There was no haste, no concealment, and the bid accepted was admittedly the highest and best bid offered.

It should be stated that the city council had passed an ordinance upon its second reading, and would have passed it upon its third reading, but for the injunction in this case, which had, for its effect, the transfer from city funds to this particular bond fund of a sufficient sum to cover the expenses of the bond sale. With this done, it is undoubtedly true that the bonds were sold at par. They were in fact sold at par and accrued interest; but, the expenses having been advanced by the purchaser the amount was deducted from the proceeds of the

126 Tenn. 28

Miller v. Park City.

bond sale, and the city authorities were in the act of restoring this when this bill was filed. The city council could have appropriated a sufficient sum out of its general funds to pay the expenses of the sale in advance, and this would have been a proper municipal purpose. It would seem equally clear that they could make the necessary appropriation after the sale to reimburse the bond fund from which the expenses had been deducted.

The decree of the chancellor is affirmed with the costs.