McFarland, J.,
delivered the opinion of the court:
This action was brought to recover the amount of several coupons cut from bonds purporting to have been issued by the county of Hawkins to the Sneedville and Rogers- *98 ¡ville Turnpike Company. The county denies the execution of the bonds by the proper authority.
The Sneedville and Rogersville Turnpike Company was incorporated by an act passed the 12th of December, 1866 [Acts 1866-67, ch. 27, sec. 2]. By the fourth section of the act, the counties of Hawkins and Hancock were authorized to take stock in the company, and by the fifth section, it was enacted: "‘That for the amount the counties of Hancock and Hawkins may subscribe, the county courts of said counties may authorize the issuance of county bonds, payable at such times as may be directed by the county courts of said counties.” The bonds read in evidence were made out in due form and signed by the chairman of the county court, and countersigned by the clerk. The coupons are in the usual form, and that they were actually signed by the clerk and chairman is not denied.
But it does not, in fact, appear that any subscription was ever made in behalf of the county for stock in said company. The question was not submitted to a vote of the people, as required by the general laws, but aside from this the county court made no order authorizing the subscription of stock, or authorizing the issuance of bonds; in fact, took no action in the matter, so far as appears of record on the minute books of said court.
W e think there is no principle or sound authority upon which these bonds can be held valid obligations of the county. The people of a county can only act through their officers and agents, but these officers and agents can only bind the county when they act within the sphere defined and established by law. The county was authorized to subscribe the stock, and the county court could authorize the issuance of the bonds. Yet the county has not subscribed the stock in any mode, no subscription is shown to have been made by any one in behalf of the county, nor has the county court, in any maimer, authorized the issuance of these bonds. Certainly the chairman or clerk has not the *99 power of tbeir own volition to- bind tbe county by these bonds.
But it is argued that the county is now estopped from denying the bonds, by reason of the fact that for several years the tax collector received similar coupons for taxes, and that the chairman of the county court gave him credit therefor in his settlements. If the chairman of the county court had not the power to bind the county in the first instance, by the execution of the bonds, we think he could not estop the county by the acts referred to.
"VVe are aware that the recent decisions of the supremo court of the United States have assumed very strong grounds in favor of enforcing obligations of tbis character, but we think they have not gone to1 the extent now claimed; at any rate, we cannot go to this extent. In case of mere irregularities iu the exercise of the former, as in the case of Boss v. Anderson County, we agree that the obligations ought not to be avoided, but here we hold that the county of Hawkins has not acted through the agencies recognized by law, as possessing the power to bind the people of the county. Judgment for the defendant is affirmed.