Toekey, J.,
delivered the opinion of the court;
The general assembly of the state, by the twenty-second section of an act passed March 17, 1875 [1875, ch. 59, sec. 22], enacted:
“That the city council of cities controlled by this act shall have power, by ordinance, to regulate and construct sidewalks, foot-pavements, and if the owner or owners of any lot or lots should fail to comply with the provisions of such ordinance, within such times as may be prescribed thereby, the city council, through its proper officer or committee, may contract for the construction of such sidewalk or pavement, and pay for the same, and the amount so paid shall be a lien upon said lot, and may be enforced by attachment, in law or equity, or the amount may be recov *562 ered against said owner by suit before any court of competent jurisdiction.”
Pursuant to tbis statute, complainant adopted an ordinance providing, amongst other things:
“That it shall be the duty of every owner of a lot, or part of a lot, within the city of Nashville, fronting upon any public street, avenue, or square, in front of which there is now no sidewalk or pavement, to cause to be constructed and kept in repair, a good and substantial sidewalk or foot-pavement along the whole front of his, her, or their lot or lots, in accordance with the provisions of the city laws.
“That if any owner or owners of such lot or lots shall fail to construct, or cause to be constructed, or to repair and reform such sidewalks and pavements as required by the two preceding sections, it shall be the duty of the officer or committee intrusted therewith to cause the same to be done at the expense of said owner or owners, as hereinafter provided.”
The ordinance provides for the dimensions of walks and pavements on the several streets and public square of the city, for notice to lot owners to make the improvements, etc.
The defendant was the owner of a lot on Broad street, without curbing or sidewalk in part. After being notified, as required by the city ordinance, he failed and refused to construct the walk or pavement, whereupon the city did it for him, at a cost of about sixty-five dollars ($65.00), and brought this bill to recover back the amount so paid, and declare it a lien upon the lot.
The bill was demurred to upon several grounds, the main ones being that the statute of 1875, and the ordinance thereunder, are in conflict with the constitution of the state, and void.
And, again, if the legislature had the right to authorize complainant to impose upon defendant the burden of the improvements as a personal charge, it had no right to make it a lien on his property.
*563 That the ordinance is unequal, oppressive, and unreasonable.
Except as to the matter of the lien, these several questions are determined against the defendant in the cases: Mayor and Aldermen v. Maberry, 6 Hum., 368; Washington v. Mayor and Aldermen of Nashville, 1 Swan, 177.
The question of the power of the legislature to authorize the making of the walks or pavements, and a charge therefor, being settled,' the power to declare a lien upon the property for such charge follows, as of course. The one power is an incident to the other and naturally attaches to it.
If the legislature may provide for the creation of a debt, it may also provide for its security or payment; if it may charge the owner of the property, it may charge the property itself as well.
It is argued, however, the case of Taylor, McBean & Co. v. Chandler et al., known as the Memphis Nicholson pavement case, 9 Heis., 349, overrules the cases cited from 1 Swan and 6 Hum.
A reference to the last named opinion will show that the cases cited were criticized, and, in terms, admitted to have been properly decided. Besides, there is a wide difference between the cases on their merits. Now, the ordinance pursuing the legislative grant, requires a duty to be performed for the benefit, health, wull-being, and comfort of the citizens of Nashville, including the owner of the property. The pavement adds to the convenience and comfort of all who pass that way, the owner of the lot sharing largely in the advantage afforded, and deriving an additional advantage in the appreciation of the value of his property, still further increased by other walks and pavements made in front of other lots in that part of the city.
It is for the benefit of all the citizens such grants are made to the city authorities, and it is only so long as they are confined to benefits that the law will allow them.
When they cease to be exercised for the benefit and com *564 fort of tRe citúen, and to promote tlie welfare of the community, and become oppressive and unreasonable, destroying the value of property to the owner, or, as in the ninth Ileiskell case, appropriating the entire value of the property, and in some instances more, to the building of the improvements, then they pass without the spirit and purpose and authority of the constitution, and are void.
The constitution is intended to protect, not to destroy, to prosper, not oppress the citizen.
The case before us is one in which the enforcement of the statute and ordinance benefits the entire community, and each citizen. Affirm the decree, and remand the cause for further proceedings.