DAVID M. HAVERLY V. STATE OF NEBRASKA, EX REL. ED HALPIN.

FILED DECEMBER 4, 1901.    No. 12,365.

1. **Title of Act.** Legislation which is not within the scope of the title of the act is unconstitutional.

2. **Amendment: REPEAL.** No law can be amended, unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed.

3. **Unconstitutional Statute.** That portion of section 11, article 2, chapter 13, Compiled Statutes, relating to the election of an assessor for county purposes in cities having more than 25,000 and less than 40,000 inhabitants, is inimical to section 11, article 3, of the constitution, and is void.

ERROR from the district court for Douglas county. Tried below before ESTELLE, J. *Affirmed.*

. *George W. Shields,* for plaintiff in error.

*John C. Cowin, contra.*

NORVAL, C. J.

The state, on the relation of Ed Halpin, instituted a proceeding in mandamus in the court below to compel the respondent, as county clerk of Douglas county, to name in the notices of the general election in November, 1901, the office of county assessor for each of the six precincts of the city of South Omaha, to be filled at said election. At the hearing a peremptory mandamus was issued as prayed, and the respondent has prosecuted error therefrom.

Douglas county is under the commissioner system of government. The city of South Omaha has six wards, and the same number of voting precincts, and the sole question presented for consideration is whether one or six county assessors are to be elected from said city. Section 7, chapter 26, Compiled Statutes, entitled "Elections," provides, *inter alia,* that "in counties not under township organization, one (1) county judge, one (1) sheriff, one (1) coroner, one (1) county treasurer, one (1) county clerk, one (1) county surveyor, one (1) county superintendent of public instruction shall be elected in the year eighteen hundred seventy-nine (1879) and every second year thereafter, and in each precinct two (2) justices of the peace and two (2) constables shall be elected in the year eighteen hundred and seventy-nine (1879) and every second year thereafter, except as hereinafter provided, and one (1) assessor, and one (1) overseer of highways for each road district shall be elected in the year eighteen hundred and seventy-nine (1879) and annually thereafter, and one (1) county commissioner shall be elected annually who shall serve three (3) years." It is plain enough that the foregoing requires the election annually of an assessor in each precinct. The statute is not susceptible of any other legitimate construction, which is conceded by respondent;

but his counsel invokes the provisions of section 11, article 2, chapter 13, Compiled Statutes, relating to cities having populations between 25,000 and 40,000, within which class is the city of South Omaha. This section declares that "precinct lines in that part of any county, not under township organization, embraced within the corporate limits of any city governed under the provisions of this act, shall correspond with the ward lines in such city, and such precinct shall correspond in number with the wards of the city and be co-extensive with the same. Provided; that when a ward is divided into election districts, the precinct corresponding with such ward shall be divided so as to correspond with the election district. And provided further; that no justice of the peace or constables shall be elected in such precinct, and every such city shall constitute a district for the election of justices of the peace and constables, and in every such district there shall be elected two justices of the peace and two constables at the times provided by law for the election of such officers in other districts. All cities of this class shall constitute one precinct for the election of an assessor, for county purposes only, who shall be elected at the same time and in the same manner as the election of assessors in other precincts of said county." While the city of South Omaha is divided into six wards and as many precincts, the section of the act by which it is governed, copied above, expressly provides that in all cities of the class to which South Omaha belongs one assessor shall be elected for county purposes only. In that respect it is in conflict with the provisions of section 7, chapter 26, Compiled Statutes, already referred to. If the provisions of said section 11 relating to the election of assessor are valid legislation, then the writ was wrongfully issued, and the judgment must be reversed. Said provision is assailed by relator as being unconstitutional upon two grounds. First. It is not embraced within the title of the act, which is "An Act, to incorporate cities of the first class, having less than forty thousand and more than

twenty-five thousand inhabitants and regulating their duties, powers and government." It is fundamental that legislation which is not within, but is outside of and foreign to, the scope and purpose of the act of which it forms a part, as expressed in the title thereof, is in violation of section 11, article 3, of the constitution, which declares that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title." The decisions of this court upon this subject are uniform and too numerous to make their citation necessary. Tested by the constitutional restriction upon the power of the legislature, it is very evident that that portion of the section of the statutes under consideration can not be upheld. The provision relating to election of an assessor in a city of the class of South Omaha for county purposes is wholly foreign to the title of the act. It has nothing to do with regulating the duties, powers or government of a city of that class, but related solely to county affairs and is therefore in conflict with the clause of the constitution, quoted. The other constitutional objection to the statute urged is that it is amendatory of section 7, chapter 26, Compiled Statutes, without referring to and setting out the section so amended, and hence falls within the constitutional inhibition of section 11, article 3, which provides that "no law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed." This objection is likewise good. Said section 7 makes provision for the election of assessors for county purposes, and said section 11 also attempts to provide for the elections for county purposes in the cities of the class of South Omaha. Section 11 is, therefore, amendatory of section 7, and the last act does not contain the section so amended. It follows that the judgment of the district court is right, and it is accordingly

AFFIRMED.