JAMES COUCH *v.* THE 'STATE.

(*Jackson.*   April Term, 1918.)

1. **STATUTES.** Title. Constitutional provisions.

The title of Acts 1915, chapter 123, is "An act to extend the crimi-
nal jurisdiction of the State of Tennessee to west bank of the
Mississippi river." Section 1 provides that the criminal jurisdic-
tion of Tennessee shall extend to the west bank of the Mis-
sissippi river, between points on such bank in lines parallel to
north and south boundaries of the State.     Section 2
provides that Tennessee, Arkansas, and Missouri have con-
current criminal jurisdiction over the parts of the territory ly-
ing opposite them, and between the lines extending parallel to
their north and south boundaries.   Section 3 provides that the
act is to take effect as to Arkansas and Missouri, or either of
them, when said States or either of them, pass a similar act.
*Held,* that section 2 and 3 are not broader than the title in vio-
lation of Constitution article 2, section 17, because a cession
of jurisdiction and the title refers only to an extension of ju-
risdiction, since such sections merely indicate the means by
which the subject expressed in the title is to be carried out,
which is by convention with the States of Arkansas and Mis-
souri.  (*Post, pp.* 161, 162.)

Acts cited and construed:   Acts 1915, ch. 123;  Acts 1909, p. 888.

Cases cited and approved:  Rhinehart v. State, 121 Tenn., 420;
Railroad v. Byrne, 119 Tenn., 299;  State ex rel. v. Persica, 130
Tenn., 55;  State v. Yardley, 95 Tenn., 553.

Constitution cited and construed:   Art. 2, sec. 17 (Tenn.).

2. **STATUTES.** Title.

A general subject expressed in the title of the statute justifies pro-
visions in the body as to the manner, means, and instrumentali-
ties whereby the statute is to be enforced, administered, or ac-
complished.  (*Post, pp.* 161, 162.)

Couch v. State.

3. **STATUTES.** Foreign statutes. Necessity of authentication.

A statute law of another State must be authenticated when relied on by parties litigant in the lower courts.   (*Post, p.* 162.)

4. **EVIDENCE.** Judicial notice. Treaties between States.

The court will take judicial notice of an Arkansas act, which is part of a compact between the State of Arkansas and the State of Tennessee, as to concurrent criminal jurisdiction on the Mississippi river.  (*Post, p.* 162.)

Acts cited and construed:  Acts 1915, ch. 123.

Constitution cited and construed:   Art. 1, sec. 10.

5. **STATES.** Compact between States. Concurrent criminal jurisdiction.

Where the State of Arkansas has passed an act conferring criminal jurisdiction upon the State of Tennessee over the Mississippi river flowing between the two States, upon the passage of a similar act by the State of Tennessee the compact between the two States became binding.   (*Post pp.* 162, 163.)

6. **TREATIES.** Treaties of federal government. Operation and effect.

Constitution U. S. article 6, providing that all treaties made under the authority of the United States shall be supreme law of the land, and judges in every State shall be bound thereby, requires courts of every State to give effect to all treaties of the federal government.   (*Post, pp.* 163, 164.)

7. **TREATIES.** State treaties. Operation and effect.

The state courts are bound to give effect to treaties of the State without any constitutional mandate.  (*Post, p.* 164.)

8. **TREATIES.** State treaties. Operation and effect.

The treaties of a State are binding on its judicial officers as well as on its executive officers.  (*Post, p.* 164.)

Cases cited and approved:  United States v. The Peggy, 1 Cranch, 103;  Ehrlick v. Weber, 114 Tenn., 711.

9. **STATES.** Compact between States. Consent of federal government.

Act 1915, chapter 123, providing for concurrent criminal jurisdiction of Tennessee, Arkansas, and Missouri over the Mississippi

river, is not invalid·on the ground that Missouri has not en-
·tered into an agreement with Tennessee, and that Congress has
not consented to such an agreement, since Congress may give
its consent later in case such an agreement is made. (*Post*,
*pp.* 164, 165.)

Acts cited and construed:  Acts 1915, ch. 123.

Case cited and approved:  State of Virginia v. State of Tennessee,
148 U. S., 503.

FROM SHELBY.

Error to the Criminal Court of Shelby County.—
Hon. T. W. Harsh, Judge.

L. C. Going, for plaintiff in error.

W. H. Swiggart, Jr., Assistant Attorney-General,
and Owen & Bringle, for· the State.

Mr. Justice Green delivered the opinion of the
Court.

The plaintiff in error was convicted of the viola-
tion of the law against the sale of intoxicating liquors
within four miles of a schoolhouse and has appealed
in error to this court.

Plaintiff in error was the captain and part owner
·of a steamboat plying in the Mississippi river.  The
sale of liquor occurred on the boat in the river at a
point west of the center of the main channel.  The

river here runs between Shelby county, Tenn., and Crittenden county, Ark.

The State relies on chapter 123 of the Acts of 1915, as follows:

"An act to extend the criminal jurisdiction of the State of Tennessee to the west bank of the Mississippi river.

"Section 1.  Be it enacted by the general assembly of the State of Tennessee that the criminal jurisdiction of the State of Tennessee be, and is, hereby extended as follows:

"Beginning at a point where the north boundary line of Tennessee intersects the east bank of the Mississippi river and extending west along a line in extension of and parallel to the said north boundary of Tennessee to the west bank of said Mississippi river, in the State of Missouri; thence south along said bank, passing the line dividing the States of Missouri and Arkansas, and following the meanders of said river bank to a point on the west bank of said river where a line drawn east and parallel to the south boundary of Tennessee would intersect the west bank of said Mississippi river; thence east along said line to a point where the south boundary line of Tennessee intersects the east bank of the Mississippi river.

"Sec. 2.. Be it further enacted, that the State of Tennessee and her sister States, Arkansas and Missouri, have concurrent criminal jurisdiction over the parts of said territory lying opposite them and be-

tween the lines extending parallel to their north and south boundaries.

"Sec. 3. Be it further enacted, that this act take effect as to the said States of Arkansas and Missouri, or either of them when said States, or either of them, pass a similar act governing the territory described in this act, opposite them and between their north and south boundaries. Said act to take effect from and after its passage as to all that part of said territory described in this act which is included within said boundaries east of the States of Arkansas and Missouri, the public welfare requiring it.

"Passed May 13, 1915."

It is urged on behalf of plaintiff in error that this act violates section 17 of article 2 of the Constitution of Tennessee, in that its body is broader than its caption. The point of this criticism is that section 2 and section 3 of the act confer upon Arkansas and Missouri concurrent jurisdiction of offenses committed on the waters of the Mississippi between those States, and this is a cession or yielding of criminal jurisdiction, whereas the caption of the act indicates that its purpose is merely to extend the criminal jurisdiction of this State.

This objection cannot be sustained. The jurisdiction of the commonwealth of Tennessee cannot be extended by mere *fiat*. The boundaries of a State may be expanded ordinarily by conquest or by consent of a border state. A bare declaration of a sovereign to the effect that its jurisdiction is extended is futile,

Couch v. State.

for the authority of the declaration is necessarily circumscribed by the territorial limits of that sovereignty. In order for such a declaration to be effective, means must be provided to accomplish its purpose.

We think that section 2 and section 3 of the act under consideration simply indicate the means by which the subject expressed in the title of the act is to be carried out, that is, by convention with the State of Arkansas and Missouri. When those States yield to Tennessee jurisdiction of the Mississippi river to its west bank, Tennessee yields to them jurisdiction to the east bank of the river. The jurisdiction of Tennessee is to be extended by concession that the jurisdiction of Arkansas and Missouri shall be extended.

Such being our view of section 2 and section 3 of this act, it follows that these sections are within the title of the act. It is settled by many decisions of this court that a general subject expressed in the title justifies provisions in the body of an act as to the manner, means, and instrumentalities whereby said act is to be enforced, administered, or accomplished. *Rhinehart* v. *State,* 121 Tenn., 420, 117 S. W., 508, 17 Ann. Cas., 254; *Railroad* v. *Byrne,* 119 Tenn., 299, 104 S. W., 460; *State ex rel.* v. *Persica,* 130 Tenn., 55, 168 S. W., 1056; *State* v. *Yardley,* 95 Tenn., 553, 32 S. W., 481, 34 L. R. A., 656, and other cases collected in Mr. Shannon's Annotations to the Constitution of Tennessee (Shannon's Annotated Constitution [1916] p. 225).

140 Tenn.—11

It will be observed that chapter 123 of the Acts of 1915, by its terms, becomes effective whenever the States of Arkansas and Missouri pass similar acts. On the trial below the prosecuting attorney read an act of the Arkansas legislature passed in 1909 (Acts 1909, p. 888) similar in its provisions to our act of 1915. This act of the Arkansas legislature was not, however, proved as foreign laws are required to be when relied on in our trial courts, and objection was accordingly made to the introduction of said act. This objection was overruled by the trial judge, and the plaintiff in error assigns this ruling for error in this court.

We think the trial judge ruled correctly. The act of the legislature was not introduced as a statute law of another State, the provisions of which it was sought to have our courts enforce. Such laws do have to be authenticated when relied on by parties litigant in the lower courts.

The Arkansas act in question was part of a compact between the State of Arkansas and the State of Tennessee, and as such the trial court was entitled to judicially notice it.

By resolution of the Congress of the United States, February 4, 1909 (U. S. Statutes, vol. 35, p. 1163), it was declared:

"That the consent of the Congress . . . is hereby given to the State of Tennessee and Arkansas to enter into such agreement or compact as they may deem . . . necessary . . . to fix the

Couch v. State.

boundary line between said States,  .  .  .  and also
to adjudge and settle the jurisdiction to be exer-
cised by said States, respectively, over offenses arising
out of the violation of the laws of said States upon
the waters of the Mississippi river."

Section 10 of article 1 of the Constitution of the
United States provides that:

"No State shall without the consent of the Con-
gress,  .  .  .  enter into any agreement or contract
with another State."

After the resolution quoted was passed by Congress,
the State of Arkansas, through its legislature, passed
the act recognizing concurrent jurisdiction in Arkansas
and Tennessee over the whole of the waters of the
Mississippi between the two States.   In 1915 the
legislature of Tennessee passed a similar act, to wit,
chapter 123 of the Acts of 1915.

Upon the passage of the later act the compact be-
tween the two States became binding.   The com-
pact consisted of the two acts.   The two comprise
the whole of the agreement.

We suppose there is no doubt but that it is the
duty of the courts of every State to take judicial
notice of the treaties between that State and all
other States.   The Tennessee act and the Arkansas
act constitute a compact or treaty between the two
States, and the courts of each State must judicially
notice this treaty and recognize its provisions.

Article six of the Constitution of the United States
provides that:

"All treaties made, or which shall be made, under authority of the United States shall be the supreme law of the land, and the judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."

This constitutional provision requires courts of every State to give effect to all treaties of the federal government. As to the treaties of our own government of the State of Tennessee, our courts are bound to give them effect without any constitutional mandate of our own. The treaties of a State are binding on its judicial officers as well as on its executive officers. *United States* v. *The Peggy,* 1 Cranch, 103, 2 L. Ed., 49. The judiciary enforces the provisions of treaties just as they do the statute laws.

Since the decision in *United States* v. *The Peggy,* supra, all the courts in the United States have taken judicial notice of treaties made by the United States and foreign governments and between the United States and the Indian tribes. 16 Cyc., 903. See *Ehrlick* v. *Weber,* 114 Tenn., 711, 88 S. W., 188.

So for these reasons we think the trial court was bound to notice the Arkansas statute, inasmuch as it was merely a part of a treaty or compact made between the State of Tennessee and the State of Arkansas.

Chapter 123 of the Acts of 1915 is attacked likewise because it undertakes to provide for concurrent jurisdiction of Tennessee and Missouri over the waters of the Mississippi river between the two States.

Couch v. State.

It is said that Congress has not given its consent to any agreement or contract between those two States.

This provision of the act of 1915 does not render it invalid. Certainly not so far as Arkansas is concerned. Missouri has not yet passed a similar act. If Missouri hereafter enters into the agreement, Congress may give its assent later.

It was expressly held in *State of Virginia* v. *State of Tennessee,* 148 U. S., 503, 13 Sup. Ct., 728, 37 L. Ed., 537, that the consent of Congress to such an agreement between States may be subsequent thereto and that such consent may even be implied.

Some other criticisms of the act of 1915 are made which do not require consideration.

The evidence sustains the convictions, and the judgment is affirmed.