IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

JACKSON, APRIL TERM, 1923.

CITY OF SOUTH FULTON *v.* EDWARDS *et al.*

(*Jackson.* April Term, 1923.)

1. **CONSTITUTIONAL LAW. Legislature may delegate power to require pavement of adjacent property owners.**

The legislature may delegate to municipal corporations the power to require the construction of pavements by property owners adjacent to their premises, and in case of default the municipality may be empowered to do the work and collect the cost thereof of such owners. (*Post, p.* 134.)

Acts cited and construed: Acts 1909, ch. 401, sec. 2, sub-sec. 6.

Cases cited and approved: Mayor & Aldermen of Franklin v. Maberry, 25 Tenn., 368; O'Haver v. Montgomery, 120 Tenn., 448; Nashville v. Berry, 2 Shan. Cas., 561.

2. **CONSTITUTIONAL LAW. Legislature may empower municipality to declare taxes lien on property against which assessed.**

It is permissible for the legislature to empower a municipality to declare its taxes a lien on the property against which it is assess-

(130)

City of South Fulton v. Edwards.

ed, and such delegation of power is recognized as valid. (*Post, p.* 134.)

3. CONSTITUTIONAL LAW. Legislature may authorize municipality to declare sanctioned paving assessments lien on adjacent property.

The legislature may authorize a municipality to declare sanctioned paving assignments a lien on adjacent property. (*Post, pp.* 134, 135.)

4. MUNICIPAL CORPORATIONS. Ordinance providing tax lien against adjacent property owner refusing to construct stipulated sidewalk held valid and enforceable.

An ordinance providing for a tax lien on adjacent property, where the owner refused to construct a sidewalk within a stipulated time, *held* valid and enforceable. (*Post, p.* 135.)

5. MUNICIPAL CORPORATIONS. Not necessary for ordinance to mention particular act of legislature upon which it rests.

It is not necessary for a city ordinance to mention the particular act of the legislature upon which it rests. (*Post, p.* 135.)

Acts cited and construed: Private Acts 1917, ch. 161.

---

FROM OBION.

---

Appeal from the Chancery Court of Obion County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. V. H. HOLMES, Chancellor.

PIERCE & FRY, for plaintiff.

SWIGGART & HEATHCOCK, for defendants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Bill by the town of South Fulton to collect from certain property owners the cost of sidewalks laid by the municipality adjacent to the lots of defendants. A lien upon each lot adjoining which a pavement was laid is also asserted and the bill seeks to enforce these liens. A demurrer to the bill was sustained by the chancellor, and his action was affirmed by the court of civil appeals. The case is before us on petition for *certiorari* to the latter court.

The bill was based upon an ordinance of the town, the material provisions of which are as follows:

"Be it ordained by the mayor and city council of the city of South Fulton, Tennessee, that by virtue of the authority of an act of the legislature passed March 12, 1917, and also the ordinances of the city of South Fulton as revised and adopted March 1, 1918, that all property owners along (certain streets named) be required to erect and construct a sidewalk along and abutting on their property. . . .

"Sec. 2. Be it further ordained that all landowners and parties owning lots upon each of the above-mentioned streets are hereby required to build, erect and construct a sidewalk along opposite their property and abutting thereon, and that said sidewalk shall be constructed of the following material, to-wit."

Section 3 and section 4 contain provisions with reference to the character of the sidewalks to be constructed, and provisions for notice to the property owners.

"Sec. 5. Be it further ordained that if any owner of any lot refuses to erect, build or construct, or to begin the same within thirty days from the notice by the city marshal that the city will proceed to have the same done

and to charge the owner or owners thereof the cost of said sidewalk, and the same to become a lien upon the lot belonging to said party adjoining said street."

The grounds of the demurrer held to be good by the lower courts were as follows:

"(5) That it appears, upon an inspection of the laws, that complainant does not have any enabling act of the legislature or any power or authority, to pass the ordinance marked Exhibit No. 1, or the alleged ordinance mentioned in the said last-named ordinance as of date March 1, 1918, requiring property owners to construct or erect sidewalks along the lots of such owners, as described and set out in said Exhibit No. 1 to the bill, purporting to be an ordinance of date, August 8 or 9, 1921."

"(11) That the alleged ordinance, Exhibit No. 1 to the bill, purporting to have been passed on its third reading on August 15, 1921, under and by virtue of which complainant claims that it proceeded in fixing a liability against these defendants and in fixing liens upon their respective lots, is void for the further reason, in addition to those hereinabove set out, that it purports on its face to be based upon an act of the legislature, passed March 12, 1917, when in fact there was and is no such act of the legislature of Tennessee having any bearing or reference to the said municipality of South Fulton, or conferring any such power or authority to pass said ordinance upon the mayor and city council of South Fulton, wherefore the said alleged ordinance was and is a nullity."

The point of the fifth ground of demurrer above quoted is that the legislature did not specifically declare the expense incurred by the municipality in laying the sidewalks in front of the property of a noncomplying owner a lien

upon said property, and it is insisted that the legislature is without power to delegate to the town authorities the right to declare such a charge a lien.

We cannot agree to this.

Subsection 6 of section 2 of chapter 401 of the Acts of 1909, the Charter of South Fulton, contains the following:

"That. . . . the city of South Fulton . . . pass all necessary ordinances requiring the owners of the lot to make brick, stone, plank, or other sidewalks in front of their property along any street, and if the owner refuse, to provide a remedy and create a lien on said property for same."

By a line of Tennessee cases beginning with *Mayor & Aldermen of Franklin* v. *Maberry,* 25 Tenn. (Hump.), 368, 44 Am. Dec., 315, on down to *O'Haver* v. *Montgomery,* 120 Tenn., 448, 111 S. W., 449, 127 Am. St. Rep., 1014, it has been settled that the legislature may delegate to municipal corporations the power to require the construction of pavements by property owners adjacent to their premises, and in case of default, the municipality may be empowered to do the work and collect the cost thereof from such owners.

In *Nashville* v. *Berry,* 2 Shan. Cas., 561, it was decided that the legislature might provide a lien in favor of the municipality for the cost of such paving work so done upon the property of the defaulting owner.

It is permissible for the legislature to empower a municipality to declare its taxes a lien upon the property against which it is assessed. Such delegation of power is recognized as valid. 28 Cyc., 1704; Dillon on Municipal Corporations (5th Ed.), section 1420; McQuillin on Municipal Corporations, section 2403.

By analogy it is equally permissible for the legislature

City of South Fulton v. Edwards.

to authorize a municipality to declare sanctioned paving assessments a lien on adjacent property.

In *O'Haver* v. *Montgomery,* supra, the city of Memphis had, under rather general delegated powers, passed an ordinance subjecting a defaulting property owner to fine and imprisonment for ignoring a sidewalk notice, and the right of the city to adopt such a remedy was upheld by this court. The milder remedy adopted by the town of South Fulton seems, therefore, entirely justified in view of the express legislative permission above noted.

Referring to the eleventh ground of demurrer sustained by the lower courts, which challenges the paving ordinance, because it purports to be based on an act of the legislature passed March 12, 1917, which it is said has no reference to the municipality of South Fulton, or confers any power to pass such ordinance on said municipality, we may say that we do not think it at all necessary for a city ordinance to mention the particular act of the legislature upon which it rests. Chapter 161 of the Private Acts of 1917 enlarged the boundaries of South Fulton, and the ordinance evidently intended to refer to this act by way of justification for the territorial extent of the projected sidewalks.

For the reasons stated, we think the lower courts erred, and the writ of *certiorari* is granted; the decree of the court of civil appeals and the decree of the chancellor reversed; the demurrer overruled; and this cause remanded for further proceedings.