MAYOR AND ALDERMEN OF TOWN OF GALLATIN *v.* SUMNER
COUNTY.*

(*Nashville.* ·December Term, 1925.)

1. **STATUTES.** Act authorizing town to improve public square and
   recover expense therefor from county held not within title.

Acts 1903, chapter 292, section 21, permitting the town of Gallatin to
   pave and improve its public square and recover from county for
   sums expended, *held* not to fall within title of chapter 292, being
   an act for incorporation and organization of the town, and pro-
   viding for its .government and to define its corporate limits, and
   hence is invalid under Constitution, article 2, section 17.   (*Post,*
   *pp.* 519-521.)

Acts cited and construed: Acts 1903, ch. 292.

Constitution cited and construed: Sec. 17, art. 2.

2. **STATUTES.** Things permissible in body of act, under caption of
   act for incorporating and organizing a municipality, stated.

Under caption providing in general terms for the incorporation and
   organization of a municipality, it is permissible to ordain in the
   body of the act agencies, ways, and means for corporation's sup-
   port and for conduct of its affairs, and appropriate powers may be
   conferred even though they affect rights of others to a degree.
   (*Post, pp.* 521-526.)

Acts cited and construed: Acts 1903, sec. 21, ch. 292.

Cases cited and approved: Erwin v. State, 116 Tenn., 71; State ex
   rel. v. Baseball Club, 127 Tenn., 292; Malone v. Williams, 118 Tenn.,
   390; Mayor and Aldermen of Knoxville v. Lewis, 80 Tenn., 180;
   Haverly v. State, 63 Neb., 83; Mt. Joy Boro v. Lancaster, etc., Turn-
   pike Co., 182 Pa., 581.

Cases cited and distinguished: Woolf v. Taylor, 98 Ala., 254; Lansing
   v. Bd. of State Auditors, 111 Mich., 327; Blair v. State, 90 Ga., 326;
   Ridge Avenue Passenger Railway Co. v. Philadelphia, 124 Pa., 219.

3. **STATUTES.** Validity of section of statute attacked first after twenty years held proper subject of consideration.

Notwithstanding that Acts 1903, chapter 292, under which town of Gallatin has operated for more than twenty years, should not be overthrown, since important rights have been based on its integrity no consideration of policy prevents the courts from holding invalid as not germane to title section 21, the provisions of which are invoked for first time. (*Post, pp.* 526, 527.)

Acts cited and construed: Acts 1903, ch. 292.

Cases cited and approved: Telephone Co. v. Telephone Co., 125 Tenn., 278; State ex rel. v. Baseball Club, 127 Tenn., 292.

*Headnotes 1. Statutes, 36 Cyc., p. 1041; 2. Statutes, 36 Cyc., p. 1041; 3. Statutes, 36 Cyc., p. 975.

---

FROM SUMNER.

---

Appeal from the Chancery Court of Sumner County.— HON. J. W. STOUT, Judge.

ED. T. SEAY, BASKERVILLE & McGLOTHLIN and H. L. McGLOTHLIN, for appellant.

WM. A. GUILD and H. S. COLLIER, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This case involves the validity of a section of an act of the legislature incorporating the town of Gallatin.

The act is chapter 292 of the acts of 1903. It contains 22 sections, with various provisions common to such statutes. Section 21 is attacked from several angles. We notice only one of these assaults.

The caption of the act is in the following language:

"A bill to be entitled 'an act to incorporate the town of Gallatin, Sumner county, Tennessee, and the inhabitants thereof, and to provide for the government and control of the same, and to define the corporate limits and the powers of said municipal corporation, and to vest in it certain property, and charge it with certain indebtedness and liabilities."

Section 21 is in these words:

"Sec. 21. Be it further enacted, that nothing in this act shall be construed to require said town to pave, repair, or improve the public square on which is located the county courthouse in said town, but the county of Sumner shall be responsible to said town or corporation for any moneys or labor expended or expense incurred by said town in paving, repairing, or macadamizing or improving said public square, and said Mayor and aldermen are authorized, empowered, and directed at any time, when in their opinion it is necessary to do so, to pave, metal, gravel, macadam, repair, or improve said square in such manner as they deem best under the management and direction of its own agents, and to recover whatever reasonable sum may be expended on this account, or for this purpose, from the said county of Sumner by suit in any court having jurisdiction of the amount after thirty days' notice of the said claim to the chairman or judge, and a refusal to pay the same."

It appears that the town of Gallatin went to certain expense about paving and improving the public square, and this suit was brought to compel reimbursement by Sumner county under the provisions of section 21 above quoted. The county interposed a demurrer, which the

chancellor overruled, and an appeal was allowed. Although the act has been in effect more than twenty years, it seems this is the first occasion the town has invoked section 21. It was stated at the bar that the cost of previous work on the public square had heretofore been a matter of adjustment between the town and the county.

We are of opinion that the chancellor erred in sustaining section 21. Passing over other criticisms of this section, we think it does not fall within the title of the act, and is clearly bad under section 17 of article 2 of the Constitution:

"No bill shall become a law which embraces more than one subject, that subject to be expressed in the title." Constitution, section 17, article 2.

It may be conceded that, under a caption providing in general terms for the incorporation and organization of a municipality, it is permissible to ordain in the body of the act agencies, instrumentalities, ways, and means for the support of the corporation and for the conduct of its affairs. Likewise appropriate powers may be conferred on the corporation. All these things, naturally and ordinarily appurtenant to a municipal corporation, may properly be included under such a general title. So, under such a title, powers may be conferred upon the corporation which affect the rights of others to a degree. To a certain extent it is natural and indeed necessary that every corporation brought into existence must touch the rights of others. In so far as this contact is reasonably to be expected it is properly authorized in a statute of this sort under a general title not specially mentioning others affected.

The provision of section 21 of the act before us, empowering the town of Gallatin to repair and improve the public square, according to its own discretion, and then to recover from the county the expense of such work, so far as we are aware, stands alone in the statutes of Tennessee incorporating towns and cities. We know of no other municipal charter with a like provision. Such a provision is not, properly speaking, germane to the title of .the act. It is not a provision which naturally and reasonably falls under such a title. Nor is it a provision which one advised of the title of such a bill would anticipate in the body thereof.

One reason for the constitutional requirement that the subject of a bill must be expressed in the title is that the people of the State, as well as the members of the legislature, "may know what their representatives are doing, and may interpose, if they choose, by petition, or remonstrance." *Erwin* v. *State,* 116 Tenn., 71, 93 S. W., 73; *State ex rel.* v. *Baseball Club,* 127 Tenn., 292, 154 S. W., 1151, Ann. Cas., 1914B, 1243.

It is scarcely to be doubted that, had the magistrates and people of Sumner county, outside the town of Gallatin, been able to ascertain from the title of this act that the legislature was proposing to place upon the county the burden of keeping up the public square according to the notions of the town authorities, vigorous remonstrance would have followed.

Most of the states have constitutional provisions similar to section 17 of article 2 of the Constitution of Tennessee. The views above indicated find abundant support in the authorities.

In this jurisdiction it has been held that provisions relating to State taxes in an act of municipal incorporation, under a general title, are beyond the caption and void. *Malone* v. *Williams,* 118 Tenn., 390, 466, 103 S. W., 798.

So it has been held that a provision with respect to municipal taxes in an act whose title related to State and county revenue was bad. *Mayor and Aldermen of Knoxville* v. *Lewis,* 81 Tenn. (12 Lea,) 180.

There are numerous cases in which provisions similar to those of sections 21 of the act before us were held not germane and void, under titles indicating a general purpose to incorporate municipalities, or to revise, consolidate, or amend the charters of such corporations.

Thus a provision for the election of a county assessor in an act so entitled was held void, a county assessor having nothing to do with city government; he being an official charged with county affairs. *Haverly* v. *State,* 63 Neb., 83, 88 N. W., 171.

A provision that all funds arising under the general revenue laws of the State from liquor licenses issued to parties within the city should be paid over to the city treasury for use of the public schools was declared beyond such a title. The court said:

"Under an act, the title to which is the same as this one, when read by its title, one would suppose its object was to do no more than give to the city government some complete and better adjusted legislative, judicial and police powers—such as commonly appertain to municipal government—but he would gather therefrom no intimation or suspicion of a purpose to incorporate into the act an entirely new provision, making an appropriation by

the State, out of its revenues, to support and maintain the public schools of the city." *Woolf* v. *Taylor,* 98 Ala., 254, 13 So., 688.

The same conclusion was reached in regard to a requirement that the city should furnish fire and police protection to the State property within its limits and care for the streets and walks on which the State property abutted, and that the expense should be paid out of the State treasury. In that case the court observed:

"The title to the act gives no hint of an intention to confer such power. It is not a common incident to municipal corporations. No better case can be found to illustrate the necessity and wisdom of the constitutional requirement. There is nothing in the title to this act to indicate to the taxpayers of this State or to their representatives in the legislature that the State property is to be taxed, or that its funds are to be appropriated to maintain the local government of the city of Lansing. No one would be bold enough to assert that, if such appeared in the title, it would not have met with opposition. We think this provision of the act is clearly unconstitutional, because the object is not expressed in the title." *Lansing* v. *Board of State Auditors,* 111 Mich., 327, 69 N. W., 723.

For the same reason an extension of the police power of the municipality beyond the corporate limits was held unconstitutional in an act incorporating the city of Columbus, Ga. In that case the court used this language:

"The Constitution intended to protect the people against covert or surprise legislation, and we think the people of Muscogee county residing in the immediate neighborhood of Columbus might well claim surprise at

this attempt to subject them to the municipal government
of the city without extending the city limits so as to em-
brace the territory on which they reside. If they had
no notice except such as could be derived from the title
of the act, they must have been quite unprepared for such
an important change in their relations to the munici-
pality." *Blair* v. *State,* 90 Ga., 326, 17 S. E., 96, 35 Am.
St. Rep., 206.

Likewise, under an act generally entitled as relating
to a municipality, it was not permissible to confer au-
thority to make repairs on a toll road partly within the
municipality and to collect the cost by suit from the
company. *Mt. Joy Boro* v. *Lancaster, etc., Turnpike Co.,*
182 Pa., 581, 38 A., 411.

And again the legislature of Pennsylvania passed an
act entitled, "An act relating to the Ridge Avenue Pas-
senger Railway Company." That act undertook to re-
lieve the company from its original charter obligation to
repair and repave the streets occupied by it in the city of
Philadelphia. Such provision was held bad. Of it the
court said:

"The effect was to give the bill a double aspect, on
one side relating to the railway company, and releasing
them, and on the other, to the city of Philadelphia, and
not only depriving her of the needful control provided
for when the company was originally chartered, but of
the right to require the company to keep the streets in
order. Can such an act be said to have only one subject
clearly expressed in the title? Had it been entitled, 'An
act relating to the Ridge Avenue Railway Company and
the city of Philadelphia,' it might justly have been said
to have a single clearly expressed subject, namely, the

relations between the two specifically defined bodies; and, had the people of Philadelphia and their representatives at Harrisburg failed to inquire what these relations were, and how they were affected by the repealing clause, it might have been just to regard them as in default, al-though the notice even then would have been scant in rendering it necessary to examine the charter of the rail-way company in order to ascertain the truth. But as the matter actually stood, there was nothing to put them on inquiry or suggest the idea that a bill denoting an in-tention simply to regulate the railway, bore hardly on the city.'' *Ridge Avenue Passenger Railway Co.* v. *Philadelphia,* 124 Pa., 219, 16 A., 74.

So, for the reasons stated, and upon the authorities mentioned, we must conclude that section 21 of chapter 292 of the Acts of 1903 is invalid.

It is still a matter of controversy as to whether elision is permissible to save an act bad under section 17 of article 2 of the Constitution. The court has now before it causes in which we are asked to explain or overrule form-er decisions, in which it was apparently held that so much of an act as was beyond the caption might be elided and the remainder of the act upheld. The argument to the contrary is that, under the mandatory provisions of section 17 of article 2, no bill can become a law when it contains more than one subject and that subject is not expressed in the caption.

We do not mean to touch this controversy in the case before us. It is not necessary.

No attack is made on chapter 292 of the Acts of 1903 as a whole. Indeed we could not listen to any such attack at this date. This statute has been on the books for

more than twenty years, and the town of Gallatin has operated thereunder for that length of time. Important rights have been based on the integrity of this statute, and it should not be overthrown now. *Telephone Co.* v. *Telephone Co.*, 125 Tenn., 278, 141 S. W., 845, 43 L. R. A. (N. S.), 550; *State ex rel.* v. *Baseball Club*, supra.

However, it appears that section 21 has been invoked for the first time just prior to this suit. No considerations of policy prevent us from considering the validity of this section. We accordingly hold that the attack on this section is permissible, is well made, and said section of the act cannot be sustained.

Reversed, and bill dismissed.