CITY OF SOUTH FULTON *v.* CLEVELAND PARKER *et al.*

(*Jackson,* April Term, 1930.)

Opinion filed May 31, 1930.

PIERCE & FRY, for complainant, appellee.

H. T. SMITH and FENNER HEATHCOCK, for defendant, appellants.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The original bill in this cause was filed by the City of South Fulton against a number of property owners, to enforce an apportionment of a special assessment, representing the cost of paving two of the streets of the city, with concrete and gravel. The property owned by each of the defendants is described and identified in the bill by metes and bounds, together with the amount of the assessment apportioned to each such lot.

The bill avers that the assessments were made pursuant to an ordinance of the city government, enacted by the city under the authority of Private Acts of 1927,

chapter 768; which ordinance also provided for a penalty of ten per cent on each assessment not paid when due.

It is averred that each piece of property described in the bill was owned by the named defendants both at the time the bill was filed and at the time the assessment was made, and that each such assessment or apportionment constitutes a lien upon the property against which it was made.

The prayer of the bill is for a decree declaring such assessment or apportionment a lien against the property assessed, both for the amount of the assessment and for the penalty of ten per cent, and interest on the assessment; and that the property be sold to satisfy such lien. There is also a prayer for other and general relief.

The chancellor overruled the demurrer interposed by the defendants, and granted the defendants a discretionary appeal to review his decree on the demurrer.

Private Acts 1927, chapter 768, is an amendment to the charter of the City of South Fulton, Acts 1909, chapter 401, and authorizes the city to improve its streets, "and to cause the entire cost or expense . . . to be assessed against the property abutting or adjacent to said street, avenue, alley or any other public place so improved."

The amendatory act directs that the assessments be apportioned among the lots abutting on or adjacent to the improved streets, according to their frontage, with a maximum limit to the assessment on each lot at one-half the assessed value of such lot for municipal taxes for the current year.

Provisions are made for notice to the owners of the property to be assessed, with the right of appearance, protest and hearing, and with provisions for waiver of

protest if no objections are filed, "or if the property owners fail to appear in person or by attorney and insist upon the same."

Section 5 of the amendatory statute provides that all assessments shall be due and payable within thirty days after they are made final, with an option to the property owners to pay in installments through a period of five years.

The city is authorized to issue bonds, the proceeds of which are to be used in paying for the work; and in the event the assessments levied and collected are insufficient to pay the principal and interest of such bonds, the city is authorized to levy an *ad valorem* tax upon all taxable property in the city to meet such obligations, and this tax is in addition to all other taxes which the city is authorized to levy.

The amendatory act prescribed no method or procedure by which the assessments may be collected or enforced; and it is not expressly provided that the assessments shall constitute a lien upon the property against which they are made.

The contention of the defendants is that the assessments do not constitute a lien on the property assessed, in the absence of express legislative provision to that effect; and that the assessments are not enforcible because no method for their enforcement has been provided by law.

The chancellor was of the opinion that the legislative intent and purpose that the assessments should constitute a lien upon the property assessed is clearly and necessarily implied from the provision of the statute that the city shall have the power "to cause the entire cost or expense of the aforesaid work and improvements to be assessed against the property abutting."

The case of *City of South Fulton* v. *Edwards,* 148 Tenn., 130, was a suit by the City of South Fulton to enforce a lien upon abutting property for the cost of sidewalks, prior to the enactment of the charter amendment of 1927. The lien was sustained by this court by virtue of section 2, subsection 6, of the original charter (Acts 1909, chapter 401), whereby the city was expressly authorized to create a lien on abutting property for the cost of sidewalks; the city having enacted an ordinance providing for the construction of the sidewalks and the creation of a lien.

The provision of the original charter is, however, only for a lien for the cost of sidewalks. It cannot be extended by judicial construction so as to authorize the creation of a lien for assessments for paving the street. It is not contended that any part of the assessments involved in this suit were for the cost of sidewalks. The case is, therefore, not controlling here, except in so far as it recognizes the power of the legislature to delegate to a municipality the authority to declare its taxes a lien upon property assessed.

It is noted that in the cause before us the bill avers that no change has resulted in the ownership of any of the property sought to be reached between the date of the assessment and the date of the bill was filed.

It has long been the rule in this State that "taxes, when assessed, become a personal debt, and that the government is entitled to all the remedies for their collection, including an ordinary suit at law, if it chooses to resort to that remedy." *State* v. *Duncan,* 71 Tenn., 679, 685; *State ex rel.* v. *Andrews,* 131 Tenn., 554, 578-579, dealing with privilege taxes imposed by a municipality.

In *State* v. *Railroad,* 82 Tenn., 56, 62, this court said: "When the assessment has been lawfully made, the tax stands like any other tax as a debt against the owner of the property, to be enforced either in the mode designated by the statute, or any other legal mode. All that the taxpayer can ask, if he disputes the liability of the property to taxation, is a fair trial in any court having jurisdiction. An action of debt may now be brought in the chancery court."

■ Special assessments are not taxes, as the term is used in the foregoing quotation. They are said by this court to be "in/the nature of taxation," and the power to impose them is sustained as an exercise of the taxing power of the government. *Arnold* v. *Knoxville,* 115 Tenn., 195, 212, 222.

■ In McQuillan on Municipal Corporations, vol. 5, sec. 2133, it is said:

"If no specific mode of enforcing assessments has been authorized by statute or charter, an action at law will lie; but if a method has been provided, ordinarily, it is exclusive."

In Cooley on Taxation (4 Ed.), vol. 3, sec. 1331, it is said:

"But instances have occurred of tax laws which provided for laying the tax, but made no provision whatever for collection. In such case it may well be held that the legislature contemplated the enforcement of the tax by the ordinary remedies; and therefore, if the tax was assessed against an individual, that assumpsit or debt would lie for the recovery thereof. In other words the implication of an intent to give a remedy by suit is so strong as to be conclusive, where the statute provides for a tax, but is silent as to the method of collection."

In some jurisdictions it is held that the right to recover a general property tax by suit against the owner,

in debt or in *assumpsit,* is excluded by implication by statutes affording other or a more summary method of collection. So, in *Gatling* v. *Commissioners of Carteret,* 92 N. C., 536, 539, the court said: "When no remedy is specially provided, a remedy by suit may fairly be implied, but when one is given which does not embrace an action at law, a tax cannot in general be recovered in a common law action of debt."

In *Baltimore* v. *Howard* (1825), 6 H. & J., 383, 394, the Court of Appeals of Maryland, in an action for the enforcement of a paving assessment, said: "But the tax in this case was imposed under the supplement, the act of 1797, ch. 54, which authorizes the taxes, but gives no remedy.; and where no particular remedy is given, the action of *assumpsit* will lie, on the principle, that where the law gives a claim to one against another, it raises an implied *assumpsit* on the legal obligation to pay."

This holding was quoted with approval in *Dashiell* v. *Baltimore,* 45 Md., 615, 621.

This implied obligation to pay a tax lawfully imposed was the basis of the holding of this court in *Mayor and Aldermen of Jonesboro* v. *McKee,* 10 Tenn. (2 Yerg.), 167, which is the foundation of the rule in this State that a tax lawfully imposed or assessed may be recovered by the assessing authority in an action of debt.

We see no reason for refusing to extend this principle and policy of the law to an action to recover a special or local assessment which the legislature has expressly authorized, but for the collection of which it has failed to expressly provide a method of procedure. If the contention of the defendants be correct, that the assessment did not create a lien upon the property assessed, the implication that the legislature intended that

642

the corporation have the right to enforce the assessments by the ordinary and usual processes of law seems conclusive, as said by the text-writer hereinabove quoted. Otherwise we must impute to the legislature the intention to do a vain thing, to confer a right and at the same time to deny a remedy for its enforcement.

We would not be justified in holding that the statute authorizing the assessments contemplated that when made the assessments would be a general personal liability of the property owner. The nature of the charge requires the inference that only the property against which the assessment is made is liable for its payment. With this limitation, however, the same principle which supports the holding that a general property tax is a personal obligation of the property owner is applicable to a special assessment for the collection of which no remedy is expressly provided. In such a case the assessing body is entitled to a judgment for the amount of the assessment against the owner of the property assessed, the judgment to be satisfied only by levy on the property assessed. By such procedure and judgment, the legislative intent that the property itself should bear the burden of the assessment is fully satisfied and met.

Being of the opinion that the amendatory statute of 1927 authorizes the assessment against specific lots or parcels of property, abutting upon the street improved, and that this legislative purpose can be enforced by judgment for the amount of the assessment against the owner, such judgment to be satisfied only by levy upon the property assessed, the existence of a lien to secure the payment of the assessment would add nothing to the rights of the city except to protect it against the rights of persons who may acquire an interest in the

property assessed between the dates of assessment and collection. The bill in the cause before us discloses no such intervening rights. The bill avers that "each of the foregoing described tracts of land belong to the respective parties above set out and the parties own each respective tracts of land so described at the time the special assessment was made."

The specific prayer of the bill is that the special assessments be declared to be a lien on the respective parcels of real estate therein described, and that the same be sold in satisfaction of the claims of the city. The bill avers that the unpaid assessments were made against the specific pieces of property in the manner provided by the amendatory statute of 1927, and prays for general relief. Under this prayer full relief may be awarded the city, in the way above indicated. It is, therefore, unnecessary that we should determine on this appeal whether the assessments constitute a lien upon the property assessed.

The memorandum opinion of the chancellor, copied into the transcript, does not refer to grounds of the demurrer which challenge the power of the city, by ordinance, to add a penalty of ten per cent, for failure of the defendants to pay their respective assessments. This contention is made the basis of the second assignment of error made by the appellants in this court.

The statute authorizing the assessments does not authorize the addition of a penalty for nonpayment. The power of the city to add the penalty is dependent entirely upon legislative authority conferred in its charter. No such power having been conferred upon the city, the penalty cannot be sustained.

The third ground of the demurrer, challenging the power of the city to collect the penalty, will accordingly be sustained.

The decree of the chancellor will be modified and affirmed, in accordance with this opinion, and the cause remanded for further proceedings.

The cost of the appeal will be paid by the appellants.