ARMSTRONG *v.* CITY OF SOUTH FULTON.

(*Jackson,* April Term, 1935.)

Opinion filed June 1, 1935.

PIERCE & FRY, of Union City, for appellant.

PHILLIPS & HALE, of Rogersville, for appellee.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

Defendant, on August 1, 1928, issued its bonds to the amount of $10,500 for street improvements. For the payment of these bonds, and attached interest coupons, at maturity, the full faith, credit, and resources of defendant were irrevocably pledged. Complainant is the owner and holder in due course of nine of said bonds, of $500 each, and of certain semi-annual interest coupons attached thereto. Four of the bonds so held by complainant matured August 1, 1932, and five matured August 1, 1933. Default having been made in the payment of said bonds, and coupons, at maturity, complainant filed her bill herein to recover of defendant thereon, or, if not entitled to this relief, that she have and recover of defendant a sum representing the face value thereof, together with interest from August 1, 1931, as for money had and received, she having paid for said bonds.

Defendant demurred to the bill and assigned twelve grounds therefor. The chancellor overruled the demurrer and allowed an appeal to this court. Defendant duly perfected its appeal and assigned errors. We shall

consider such of the contentions as we think necessary and proper for a decision of the cause in this court.

The principal question made is that both chapter 401, Acts 1909, incorporating the city of South Fulton, and chapter 768, Priv. Acts 1927, amending the act of 1909, are unconstitutional under article 2, section 17, of the Constitution of Tennessee, in so far as they undertake to authorize the municipality to issue bonds for any purpose; the insistence being that the captions of the two acts are not sufficiently broad as that a valid enactment can be contained in either authorizing the municipality to issue and sell bonds for corporate purposes.

The city of South Fulton was originally incorporated by chapter 401, Acts 1909. The caption to this act is as follows:

"An Act entitled 'An Act to incorporate the city of South Fulton, in the county of Obion, State of Tennessee, and to define the rights, powers, and liabilities of the same.' "

The act contained the usual provisions to an act incorporating a municipality, and in section 31 thereof express power is given the municipality to issue bonds upon a vote of the people authorizing the same. This act was amended by chapter 768, Priv. Acts 1927, so as to provide for the issuance of bonds by the municipality for street improvement purposes. The caption of this amendatory act is as follows:

"An Act to amend an Act entitled, 'An Act to incorporate the City of South Fulton in the County of Obion, State of Tennessee, and to define the rights, powers and liabilities of the same,' being Chapter 401 of the Private Acts of Tennessee of the year 1909."

The bonds here sued upon were issued pursuant to

the amendatory act. Defendant's position is that both the original and the amendatory acts are broader than their captions in respect to provisions contained therein for the issuance of bonds for municipal purposes. It is asserted that no notice is contained in the captions of these acts that bonds may be issued by the city of South Fulton. It is further asserted that if the captions be construed to authorize the issuance of bonds, then the acts embrace two subjects.

The pertinent part of article 2, section 17, of the Constitution is as follows: "No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title or substance of the law repealed, revived or amended."

The caption of the amendatory act of 1927 does recite therein the title of the law amended, so is free of any objection on that score. An expressly amendatory act whose caption recites, without enlargement, the title of the act sought to be amended, and the provision contained in the body of which is germane to and embraced in the subject expressed in such recital title, is constitutional and valid. *Hyman* v. *State,* 87 Tenn., 109, 9 S. W., 372, 1 L. R. A., 497; *Goodbar* v. *Memphis,* 113 Tenn., 20, 81 S. W., 1061; *Van Dyke* v. *Thompson,* 136 Tenn., 136, 189 S. W., 62.

An amendatory act incorporates itself into the amended act and the two become one statute. The question here, then, is whether the caption of the act of 1909, recited without enlargement in the amendatory act of 1927, is sufficiently broad to cover a provision in the body of the statute for the issuance of bonds for the purpose

of street improvements. The subject expressed in the caption of the statute is the incorporation of the city of South Fulton, "and to define the rights, powers, and liabilities of the same." So long as the subject-matter of the body of the act is germane to that expressed in the title, it is free from the objection that the body of the act is broader than the caption. Whatever is within the scope of the one subject expressed in the title and facilitates the object of the legislation is germane to the title. The generality of the title is no objection to it, so long as it is not made a cover for legislation incongruous in itself. *Acklen* v. *Thompson,* 122 Tenn., 43, 126 S. W., 730, 135 Am. St. Rep., 851; *Ryan* v. *Terminal Co.*, 102 Tenn., 111, 50 S. W., 744, 45 L. R. A., 303. It is not necessary that the title should express fully what is contained in the body of the act. *Memphis St. Railroad Co.* v. *Bryne,* 119 Tenn., 278, 104 S. W., 460. All matters which are naturally and reasonably connected with the general subject of the act may be properly included in its body, though not recited or stated in the title. *Wright* v. *Donaldson,* 144 Tenn., 255, 230 S. W., 605. In *Couch* v. *State,* 140 Tenn., 156, 203 S. W., 831, it was held that a general subject expressed in the title of the statute justifies provisions in the body of the act as to the manner, means, and instrumentalities whereby the statute may be enforced, or administered, or its purposes accomplished.

In *Palmer* v. *Express Co.*, 129 Tenn., 116, 155, 156, 165 S. W., 236, 246, the court quoted from *Hardaway* v. *Lilly* (Tenn. Ch. App., 1898), 48 S. W., 712, as follows: ". . . while no act can constitutionally have in its title more than one subject, and while that subject as it appears in the body of the act must fall under the title,

yet that a multitude of particulars may be thus embraced under a general subject, each of them in some way leading, directly or indirectly, to the furtherance of the general purpose appearing in the title.

"It is also clear that, in construing both the title and the body of an act, the court must not manifest a narrow and jejune purpose, but rather must have in view the sustaining of the act under consideration, if it can be done in harmony with the fair meaning of the language, viewed in a large and generous relation to the subject-matter of the legislation. This results from the settled policy of the court, upon constitutional questions, to resolve all doubts in favor of the constitutionality of an act of the Legislature assailed for unconstitutionality."

In *Mayor & Aldermen of Town of Gallatin* v. *Sumner County,* 152 Tenn., 518, 521, 279 S. W., 387, the court said:

"It may be conceded that, under a caption providing in general terms for the incorporation and organization of a municipality, it is permissible to ordain in the body of the act agencies, instrumentalities, ways, and means for the support of the corporation and for the conduct of its affairs. Likewise appropriate powers may be conferred on the corporation. All these things, naturally and ordinarily appurtenant to a municipal corporation, may properly be included under such a general title."

The caption of the act here in question is, "An Act entitled 'An Act to incorporate the city of South Fulton . . . and to define the rights, powers, and liabilities of the same.' " The single subject of the act is the incorporation of the city of South Fulton. The caption gives express notice that the rights, powers, and liabilities of the city are defined in the body of the act.

One of the rights and powers conferred in the body of the act was the issuance of bonds to raise money for street improvements. This power and right is germane to the purpose of the legislation. The improvement of streets is a legitimate municipal function. The question whether the various provisions of an act are congruous and germane is largely one of fact to be determined by the court's knowledge of affairs. *House* v. *Creveling,* 147 Tenn., 589, 250 S. W., 357. It is our opinion that chapter 768, Priv. Acts 1927, is constitutional and valid, and is not open to the objection that the body of the act is broader than the caption, nor that the act contains two subjects.

The question is raised by several of the assignments of error that the bonds sued on are invalid because 75 per cent of the abutting property owners on the streets improved from the funds derived from the sale of such bonds had not signed petitions requesting such improvements. Certain of the abutting property owners refused to pay the assessments levied against them by the city, from the proceeds of which the city expected to pay off and discharge said bonds, as a result of which the city instituted suit to recover of said property holders the assessments so levied against them. It was finally adjudged in this suit that said assessments were invalid because 75 per cent of the abutting property owners on the streets so improved had not requested the improvements. *City of South Fulton* v. *Parker,* 160 Tenn., 634, 28 S. W. (2d), 639. The effect of the irregularities in the proceedings on the validity of the bonds was not passed on or adjudged in that case.

It is averred in the bill, and admitted by the demurrer, that complainant bought the bonds sued on in good faith

from Caldwell & Co., paying par therefor, without any
knowledge or information of any defect in the proceed-
ings leading up to the issuance of said bonds. It is
further averred, and admitted, that complainant bought
said bonds upon the faith of an opinion of a well-known
firm of attorneys, who specialize in rendering opinions
upon the validity of bond issues, to the effect that said
bonds were legally issued and were the valid obligation
of the city of South Fulton. It appears that complain-
ant's entire connection with said bonds has been in the
utmost good faith and without any knowledge of any
infirmity in the bonds, or of any fact which would cast
upon the same any suspicion of infirmity. Complainant
is the holder in due course of the bonds sued on. Can
the irregularities in the proceedings leading up to the
issuance of the bonds affect the validity thereof in the
hands of an innocent holder, for value, before maturity?
We think not. The bonds and coupons are regular on
their face. They were duly executed by the proper of-
ficials of the city and have the seal of the corporation
attached. On the face of the bonds the municipal au-
thorities recited and declared that the same were issued
"by said city for street improvement purposes, in all
respects in compliance with and under the authority of
chapter 768 of the Private Acts of the General Assembly
of the State of Tennessee, passed by the 65th session
thereof, 1927; and the charter of said city in such cases
made and provided; and ordinance duly adopted by the
Board of Mayor and Aldermen of said city; and is issued
pursuant to a petition received by said Board, signed by
more than 75% of the property owners owning property
abutting on the streets to be improved." The bonds
further recite and certify that "all acts, conditions and

things required by the Constitution and laws of the State of Tennessee to exist or to be done, precedent to and in the issuance of this bond, do exist and have been properly done, happened and been performed in regular and due form and time as required by law.'' The bonds further recite that ''provision has been made for the levy and collection of a direct annual tax in addition to all other taxes, on all taxable property in said city, sufficient to pay the interest hereon as the same falls due and pay and discharge the principal hereof at maturity.'' The enabling act of 1927 provided that the bonds issued under and pursuant thereto should be general obligations of the city, supported by the full faith, credit, and resources of the same. Said act further provided that said bonds might be in such form and signed by such officers as may be provided in the ordinance directing the issue. The city, by ordinance, prescribed the form of the bonds, and the bonds were prepared in the form so prescribed, and the mayor and recorder were properly authorized to sign said bonds and deliver the same to Caldwell & Co., who had purchased them, all of which was done. The bonds certify on their face an exact compliance in all respects with the enabling statute, and the ordinance passed thereunder.

In *Irwin* v. *Bedford County*, 151 Tenn., 402, 411, 270 S. W., 81, 83, it was said:

''This court has uniformly followed the decisions of the Supreme Court of the United States in holding that recitals in county bonds, which fairly import a compliance in all respects with the statute specified therein, as empowering the county court to issue bonds for county purposes, relieve a purchaser from the necessity of examining the order of such court referred to in the bonds

as authorizing the issue, and estop the county to assert, as against a *bona fide* holder, that its bonds were not issued for the purposes and in compliance with the statutes." (Citing many authorities.)

See, also, *Edmunds* v. *City of Glasgow*, 89 Mont., 596, 300 P., 203, 86 A. L. R., 1052, exhaustively annotated; *Town of Aurora* v. *Gates* (C. C. A.), 208 F., 101, L. R. A., 1915A, 910.

In *Weil, Roth & Co.* v. *Town of Newbern*, 126 Tenn., 223, 265, 148 S. W., 680, 691, L. R. A., 1915A, 1009, Ann. Cas., 1913E, 25, it was held that the recitals in bonds of an incorporated town, signed by its officers authorized by the enabling act to issue the bonds, that all essential preliminaries had been complied with, are binding on the town in favor of *bona fide* holders of the bonds, who may rely upon such recitals. Recovery on the bonds sued on was denied, however, because the officers signing the bonds were without legal authority to do so. The ordinance appointing these officers to sign the bonds was specifically referred to in the bonds. The court said: "That ordinance recited that the election (to authorize the issuance of the bonds) was held by the sheriff of the county, and hence gave plenary information that it was a void election, and that the board of mayor and aldermen of Newbern had no power to issue the bonds. There could, therefore, be no innocent purchaser or holder of such bonds." The court held that the election as to the question of the issuance of the bonds should have been held by the commissioners of elections and not by the sheriff. The court said: "We are of the opinion, as already stated, that the board of mayor and aldermen might appoint by proper ordinance the mayor and clerk, or any other officers or agents, to execute the

bonds in the name of the board; but in such case it would be incumbent upon an intending purchaser to examine the ordinance constituting such persons agents, for the reasons previously given herein. Upon the examination of such ordinance, he would be fixed with knowledge of all of its contents.''

The ordinance passed by the legislative body of South Fulton, pursuant to the enabling act of 1927, specifically authorizes the mayor and recorder to sign the bonds on behalf of the city. The ordinance authorizing the issuance of the bonds specifically recited a compliance with all requirements of the statute. There was no want of authority in the mayor and recorder to sign the bonds here sued on, as was the case in *Weil, Roth & Co.* v. *Town of Newbern, supra.*

The seventh assignment of error is to the effect that the bonds sued on are invalid because the city had no authority to issue them without submitting the question of their issuance to a vote of the people. The enabling act, pursuant to which the bonds were issued, authorized the city to issue the bonds without a vote of the people. Where the credit of a city is to be used for a proper city purpose, if due authority be given by the Legislature, bonds may be issued by the city without the submission of the matter to a vote of the people. *Reed* v. *Mayor & Aldermen of City of Athens,* 146 Tenn., 168, 240 S. W., 439; *Imboden* v. *City of Bristol,* 132 Tenn., 562, 179 S. W., 147.

The eleventh assignment of error is to the effect that the enabling act is in violation of article 2, section 29, of the Constitution, in that it attempts to lend the credit of the city of South Fulton to a local improvement district. As heretofore stated, the improvement of

streets is a corporate purpose, and bonds issued to raise money for the payment of the same is not lending credit to another corporation or association, and no submission of the matter to a vote of the people is required. *Imboden* v. *City of Bristol, supra.*

All other questions raised by appellant have been given consideration, and found to be without merit. The decree of the chancellor overruling the demurrer is affirmed, and the cause remanded to the chancery court of Obion county. Appellant will pay all the costs of the appeal.